IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES O. GREASON,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF REVENUE, DOUGLAS J. MCGINNITIE, in his Official Capacity as Commissioner, ELLIE CIMAGLIA, in her Official Capacity as Director of Human Resources, TIMOTHY MITCHELL, in his Official Capacity as Assistant Director of Tax Law and Policy; and JAMES SOWELL, in his Official Capacity as Assistant Director of Compliance and Business Operations,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:11-CV-4506-TWT-JFK |

**<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

The above-styled employment discrimination case is before the court on a motion to dismiss filed by Defendants Timothy Mitchell and James Sowell. [Doc. 9]. Plaintiff James O. Greason has asserted claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. [Doc. 1 at 29-31]. Plaintiff has also

asserted a race discrimination claim based on the Equal Protection clause pursuant to 42 U.S.C. § 1983, an age discrimination claim based on the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and various state law claims. [Doc. 1 at 31-35]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Plaintiff's claims brought against Mitchell and Sowell for failure to state a claim upon which relief can be granted. [Doc. 9].

## I. Standard of Review

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County School Dist.</u>, 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

2

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

AO 72A
(Rev.8/82)

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The court will apply these standards in ruling on the motion to dismiss the complaint.

4

## II. Discussion

Plaintiff Greason asserts *inter alia* that he was subjected to retaliation and discrimination based on race and age when he was forced to retire due to an elimination of his position during a reduction in force. [Doc. 1 ¶¶ 120-44]. Plaintiff has named as Defendants the Georgia Department of Revenue and four individuals in their various official capacities. [Id. ¶¶ 1-6]. It appears that Plaintiff is bringing all of his claims against each of the five Defendants. [Id. ¶¶ 129-53]. Plaintiff is suing Timothy Mitchell in his official capacity as Assistant Director of Tax Law and Policy and James Sowell in his official capacity as Assistant Director of Compliance and Business Operations. [Id. ¶¶ 5, 6]. Defendants correctly note that Plaintiff's lengthy complaint makes only a few factual allegations about Defendants Mitchell and Sowell. Defendants argue that the complaint does not contain allegations sufficient to state an actionable claim against either Mitchell or Sowell. [Doc. 9 at 10-12]. The undersigned agrees.

Plaintiff alleges in his complaint that at some point in January 2011, Defendant Timothy Mitchell was "summoned to the Georgia State Capitol by Mr. Larry O'Neal, House Majority Leader. The meeting was to discuss changes to the Offer in Compromise Program." [Doc. 1 ¶¶ 5, 106, 107]. Plaintiff also claims that Mitchell

AO 72A
(Rev.8/82)

attended a meeting in March 2011 "to change the Offer in Compromise policies and procedures. . . ." [Doc. 1 ¶ 118].  According to the complaint, during this meeting:

> Plaintiff complained about the fees the Department was assessing taxpayer [sic] as unreasonable and burdensome to the low income taxpayers and the amount of money charged for appeals were [sic] totally unjustifiable.  Additionally, the Plaintiff complained about the fact that there was no law on the books that would allow the Department to retain the fees in house, which the Department was trying to do to raise operating revenue.

[Doc. 1 ¶ 118].  Plaintiff's complaint does not include any other factual allegations about Defendant Mitchell.

Plaintiff Greason has asserted his claims against Defendant Mitchell in his official capacity as Assistant Director of Tax Law and Policy.  The court finds that these claims must be dismissed.  The complaint only alleges that Mitchell attended two meetings in early 2011.  These factual allegations are obviously insufficient to state a plausible claim for relief.  Plaintiff recognizes this fact and acknowledges in his response brief that Mitchell should not be a Defendant in the present action.  [Doc. 11 at 7].  Accordingly, the undersigned **RECOMMENDS** that Defendants' motion [Doc. 9] to dismiss be **GRANTED** on all of Plaintiff's claims against Timothy Mitchell.

Plaintiff has brought his claims against Defendant Sowell in his official capacity as Assistant Director of Compliance and Business Operations for the Georgia

6

Department of Revenue. [Doc. 1 ¶ 6]. Plaintiff asserts that in December 2010, Sowell was named Administrator of Business Operations, a newly formed section within the Department of Revenue. [Doc. 1 ¶¶ 83, 96]. According to the complaint, the Administrator position filled by Sowell was not advertised openly and fairly.[1] [Doc. 1 ¶¶ 84, 96].

Plaintiff alleges that Sowell attended the same two meetings that Mitchell attended in January and March 2011. [Doc. 1 ¶¶ 106, 107]. As noted *supra*, Plaintiff asserts that "the Offer in Compromise Program" was discussed at both meetings, and that at the March meeting, Plaintiff made complaints about the amount of fees charged to taxpayers and the absence of a law allowing the Department of Revenue to retain the fees. [Doc. 1 ¶¶ 106, 107, 118]. Plaintiff also alleges, "In one of the meetings to change the policies and procedures for the Offer in Compromise Program, the Plaintiff objected to some of the changes affecting his staff as being unreasonable and was told by James W. Sowell that if they would not adhere to the changes they would be fired. . . . James W. Sowell was not the Plaintiff [sic] supervisor or [sic] had any knowledge

---

[1]Plaintiff also asserts that as Administrator, Sowell was the supervisor of Defendant Ellie Cimaglia, who later was selected for the position of Director of Human Resources. [Doc. 1 ¶¶ 112-15].

7

of the Offer in Compromise Program." [Doc. 1 ¶¶ 116, 117]. No other allegations about Sowell are made in the complaint.

The court finds that Plaintiff Greason has failed to state an actionable claim against Defendant Sowell. Plaintiff alleges that when Sowell was named Administrator of Business Operations, the position was not advertised openly and fairly. [Doc. 1 ¶¶ 83, 84, 96]. But Plaintiff does not claim that Sowell took any action with respect to the Administrator selection process. There is no allegation in the complaint that Sowell was involved with the alleged lack of advertising for the position or with any decision which resulted in him being named Administrator. Plaintiff simply alleges that Sowell was selected for the position. [Id.]. The fact that Sowell was awarded the Administrator position cannot serve as a basis for any claim asserted by Plaintiff against Sowell.

According to the complaint, Defendant Sowell also attended two meetings and told Plaintiff that the members of his staff would be fired if they did not adhere to changes made in the Offer in Compromise Program's policies and procedures. [Doc. 1 ¶¶ 106, 107, 116-18]. Plaintiff, however, does not allege that any of his staff ever failed to comply with policy or procedure requirements or that Sowell took any adverse employment action against Plaintiff or his staff. Plaintiff's complaint states that he

8

seeks to "recover from Defendant James W. Sowell punitive damages in an amount sufficient to deter such discriminatory and retaliatory conduct in the future." [Doc. 1 at 36]. But nowhere in the complaint does Plaintiff allege any facts showing that Sowell acted with discriminatory or retaliatory animus. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding that the respondent's complaint did not comply with Rule 8 because it did "not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind"). Although Plaintiff asserts that his forced retirement occurred when his position was eliminated during a reduction in force, he does not claim that Sowell was involved in this employment decision. [Doc. 1 ¶¶ 120-44]. In light of these facts, the court finds that Plaintiff's complaint does not contain any factual allegations against Defendant Sowell that "'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

Plaintiff asserts in the complaint that as the Administrator of Business Operations, Sowell was the supervisor of Defendant Ellie Cimaglia before she was selected for the Director of Human Resources position. [Doc. 1 ¶¶ 112-15]. In his response to Defendants' motion to dismiss, Plaintiff claims, "In fact, James Sowell had to approve her promotion. Therefore, when the Plaintiff [sic] position was abolished,

9

AO 72A
(Rev.8/82)

Ellie Cimaglia and James Sowell planned and discuss [sic] the Plaintiff's termination." [Doc. 11 at 8]. These allegations, however, will not be considered by the court because they are found nowhere in the complaint. Instead, they have been asserted for the first time in Plaintiff's response brief. Plaintiff also asserts the following new allegation in his response brief: "After the Director of Compliance retired . . . , James Sowell became the *de facto* Director of the Compliance Division and all decisions affecting the Division had to be approved by him." [Doc. 11 at 7]. In addition, Plaintiff's response brief alleges, "Because Ms. Cimaglia was only in the position of Director of Human Resources for six weeks, she was not knowledgeable of the Offer in Compromise Program and would not have been aware of the impact terminating the manager's position would have on the Department. Mr. Sowell had to supply that information." [Doc. 11 at 8]. This allegation, like the others, is not made anywhere in the complaint. Although Plaintiff cites to paragraph 129 of the complaint in support of the allegation, Defendants note that paragraph 129 simply reads, "Paragraphs 1 through 128 are incorporated herein by reference as if fully set forth and realleged herein." [Doc. 1 ¶ 129]. Because none of these allegations were asserted in Plaintiff's complaint, they will not be considered by the court in its analysis of Defendants' Rule 12(b)(6) motion to dismiss. Moore v. Miami-Dade County, 502 F. Supp. 2d 1224,

1229 (S.D. Fla. 2007) ("Fed. R. Civ. P. 12(b) prohibits [the court] from looking beyond the four corners of Plaintiff's First Amended Complaint or considering any additional allegations Plaintiff included in his Response.") (internal quotation marks omitted).

Plaintiff has failed to allege in his complaint that Defendant Sowell took any adverse action against him or was involved in any way in the employment decisions about which Plaintiff complains. Plaintiff's only allegations are that Sowell was selected for an Administrator position, that he attended two meetings, and that he told Plaintiff that if his staff did not adhere to certain policy and procedure changes then they would be fired. These factual allegations are insufficient to state a plausible claim for relief against Sowell in his official capacity as Assistant Director of Compliance and Business Operations. Plaintiff makes no argument to the contrary. [Doc. 11 at 8-9]. In fact, Plaintiff does not even attempt to address Defendants' contention that his factual allegations are insufficient to support his claims against Defendant Sowell. For all these reasons, the undersigned **RECOMMENDS** that Defendants' motion [Doc. 9] to dismiss be **GRANTED** on all of Plaintiff's claims against Sowell.[2]

---

[2]Defendants have offered additional arguments in support of their motion to dismiss. [Doc. 9 at 13-19]. Although many of these arguments appear to have merit, the court declines to address them because dismissal of Plaintiff's claims against Mitchell and Sowell is warranted for the reasons discussed herein. If, however, the undersigned's report and recommendation is not adopted by the district court,

### III. Conclusion

For the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that Defendants' Rule 12(b)(6) motion [Doc. 9] to dismiss be **GRANTED** on all of Plaintiff's claims against Defendants Timothy Mitchell and James Sowell. The court further **RECOMMENDS** that Mitchell and Sowell be **DISMISSED** as Defendants.

**SO RECOMMENDED** this 20th day of June, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

Defendants will be given leave to raise these arguments in a renewed motion to dismiss.